UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RILEY YATES, an individual,<br><br>Plaintiff,<br><br>v.<br><br>INSURE RIGHT INSURANCE AGENCY, LLC, a Utah limited liability company,<br><br>Defendant. | Case No. 4:24-cv-00095-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Insure Right Insurance Agency, LLC's ("Insure Right") Motion for Summary Judgment. Dkt. 14. Plaintiff Riley Yates opposes the motion. Dkt. 16. The Court held oral argument on July 31, 2025, and took the Motion for Summary Judgment under advisement. Insure Right has also filed a Motion for Sanctions because Yates's counsel failed to appear for the originally scheduled summary judgment hearing. Dkt. 20. Yates opposes that motion as well. Dkt. 22.

Upon review, and for the reasons set forth below, the Court GRANTS Insure Right's Motion for Summary Judgment, and GRANTS in PART and DENIES in PART Insure Right's Motion for Sanctions.

## II. BACKGROUND[1]

On July 1, 2019, Insure Right hired Yates as an insurance producer and agent. Yates executed Insure Right's "Producer Agreement" the same day. Insure Right is a Utah limited liability company. At the time he was hired in 2019, Yates was a resident of Utah. Yates relocated to Pocatello, Idaho, in November 2022, but continued to work for Insure Right remotely.

On June 26, 2023, Insure Right terminated Yates, alleging he had altered two insurance declaration pages to show two properties were covered by insurance, when, in fact, they were not.[2]

After terminating Yates, Insure Right withheld some of Yates's earnings. Insure Right also communicated to certain clients and other regulatory agencies that Yates had engaged in unethical behavior and had consequently been terminated from the company.

On December 27, 2023, Yates filed suit in Idaho State Court. Dkt. 1-2. On February 20, 2024, Insure Right removed Yates's case to federal court. Dkt. 1.

---

[1] As will be explained in greater detail below, the Court is, frankly, in the dark on this case. The Complaint is barebones. Dkt. 1-2. But details are not necessarily expected when a case is first filed. At the summary judgment state, however, details are required. Pursuant to Local Rule 7.1(b)(1), (c)(1) each party at summary judgment is expected to file a "separate statement of all material facts." Neither party included a "separate statement" as required but instead included material facts in their moving papers. Even then, Insure Right's facts comprise just six short sentences, while Yates summarized his entire case—every fact he thought necessary to defeat summary judgment—in a mere nine sentences. Such perfunctory summaries do not provide the Court much to work with.

[2] Again, neither party clearly explains this underlying situation—the crux of this case—in their briefs. Insure Right included a short declaration from its owner explaining Yates underwrote multiple contracts for a certain client's rental units. Yates, however, failed to issue policies for two of the client's units, but then later altered the declaration pages to make it appear as if the polices existed for those units. Dkt. 14-3, at 2. Yates also purportedly failed to add a mortgage company to a policy, causing the policy to be cancelled. *Id*. at 3.

In his complaint, Yates alleges six causes of action: (1) Declaratory Relief; (2) Failure to Pay Wages (pursuant to the Fair Labor Standards Act ("FLSA") and Idaho Wage Claim Act ("IWCA")); (3) Defamation; (4) Defamation per se; (5) False Light; and (6) Tortious Interference with Prospective Economic Advantage. *See generally* Dkt. 1-2.

After discovery closed, Insure Right filed the instant Motion for Summary Judgment. Dkt. 14. Yates did not respond by the appropriate deadline. The Court informally reached out to Yates's counsel, who indicated an error had resulted in him failing to receive notice of Insure Right's Motion. The Court reset the briefing deadlines and Yates responded in opposition. Dkt. 16. Insure Right replied. Dkt. 17. The Court then set the matter for a hearing. Dkt. 18.

The day prior to the hearing, the Court's law clerk reached out to counsel to discuss logistics. The Court's law clerk, however, received an automatic reply from Yate's counsel stating he was out of the country. When the Court's law clerk investigated further, Yates' counsel (via his secretary) again indicated an error had resulted in them failing to receive notice of the summary judgment hearing. Because Yates's counsel was out of the country, the Court rescheduled the hearing for a later date.

Insure Right subsequently filed a Motion for Sanctions requesting reimbursement for the expenses its counsel incurred in preparing for, and travelling to, the original hearing. Dkt. 20.

The Court then held the hearing on Insure Right's Motion for Summary Judgment. Prior to the hearing, Insure Right's counsel informally requested the opportunity to appear via Zoom, which the Court approved. After the hearing, the Court took the Motion for

Summary Judgment under advisement.

Yates later responded in opposition to Insure Right's Motion for Sanctions. Dkt. 22. Insure Right did not file a reply.

Both matters are ripe for the Court's review.

## III. LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (cleaned up). In considering a motion for summary judgment, the Court must "view[] the facts in the non-moving party's favor." *Id.*

To defeat a motion for summary judgment, the respondent need only present evidence upon which "a reasonable juror drawing all inferences in favor of the respondent could return a verdict in [his or her] favor." *Id.* (citation omitted). Accordingly, the Court must enter summary judgment if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The respondent cannot simply rely on an unsworn affidavit or the pleadings to defeat a motion for summary judgment; rather the respondent must set forth the "specific facts," supported by evidence, with "reasonable particularity" that precludes summary judgment. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

## IV. ANALYSIS

Insure Right contends summary judgment is appropriate on each of Yates's claims. The Court will address each in turn—combining like causes of action where necessary. The Court will then evaluate Insure Right's Motion for Sanctions.

### A. Motion for Summary Judgment (Dkt. 14)

*1. Declaratory Relief*

Yates's first cause of action seeks a declaration from the Court that: (1) Yates was a Producer employed by Insure Right; (2) Insure Right exercised control over the nature and structure of Yates's employment; (3) Yates is entitled to compensation pursuant to the FLSA and IWCA; and (4) the contract with Insure Right is ambiguous.

It is important to note at the outset that declaratory relief is not typically a standalone cause of action, and such a claim cannot, in itself, grant a court jurisdiction. *See Ajetunmobi v. Clarion Mortg. Capital*, 595 F.App'x 680, 685 (9th Cir. 2014) ("Declaratory and injunctive relief are remedies, not causes of action."); *accord, Stock West, Inc. v. Confederated Tribes of Colville Reservation,* 873 F.2d 1221 (9th Cir.1989).

That said, the Declaratory Judgment Act creates an additional remedy in situations where a federal court already has jurisdiction. *Brownell v. Ketcham Wire & Mfg. Co.*, 211 F.2d 121, 128 (9th Cir. 1954). Specifically, the Act provides that "[i]n a case of actual controversy within its jurisdiction . . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "Since its inception, the Declaratory Judgment Act has been understood to confer

on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

Importantly, "this statute does not create new substantive rights, but merely expands the remedies available in federal courts." *Shell Gulf of Mex., Inc. v. Ctr. for Biological Diversity*, 771 F.3d 632, 635 (9th Cir. 2014). Ultimately, if the criteria of 28 U.S.C. § 2201(a) are met, such a cause may be pled as its own cause of action. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir. 1989).[3]

The Court clearly has jurisdiction over Yates's other causes of action and may thus exercise jurisdiction over his claim for declaratory relief. However, as explained below, Yates has not met his burden to establish he is entitled to the declaratory relief he seeks. Thus, to the extent this claim requires separate adjudication, the Court finds Insure Right is entitled to summary judgment based on the reasoning and analysis set forth below regarding Yates's status as an independent contractor.

2. *Failure to Pay Wages (FLSA and IWCA)*

In his second cause of action, Yates claims Insure Right impermissibly withheld wages to which he was owed. He asserts that at the time of his termination, Insure Right owed him about $10,000. Pursuant to the terms of his contract, Insure Right withheld 50% of this amount to cover adjustments and make a final accounting. Yates maintains he is entitled to the remaining 50% (roughly $5,000), as well as additional damages, due to

[3] Insure Right does not argue that Yates's claim for declaratory relief is improper. Instead, it focuses on the merits and contends it has established Yates's first three requests for declaratory relief fail on summary judgment because, as explained below, Yates was an independent contractor, and his fourth request does not seek any actual remedy and is, thus, improper.

Insure Right's violation of the FLSA and IWCA.

In response, Insure Right argues Yates is not entitled to the protections of either the FLSA or IWCA because he was an independent contractor, and not an employee. Because this distinction—between an independent contractor and an employee—permeates Insure Right's Motion for Summary Judgment, the Court will address it now. However, to set the stage for that discussion, the Court must step back even further and determine which state's law—Utah or Idaho—governs.

Yates and Insure Right entered into the Producer Agreement in Utah, and the contract specifically stated it should "be governed by and construed in accordance with the laws of the State of Utah." Dkt. 16-1, at 12. Based upon this provision, Insure Right argues the Court should apply Utah law to Yates's second claim.

Yates does not necessarily disagree that Utah law applies to his second claim. He contends, however, that Idaho has a strong "fundamental policy" of protecting employees and allowing them to make claims for unpaid wages. As a result, Yates urges the Court to apply Idaho law because Utah law is more stringent against employees and contradicts this "strong" Idaho policy. In addition, Yates asserts Idaho's protections apply to "any person suffered or permitted to work by an employer," and that it therefore does not matter whether he was an employee or independent contractor. Dkt. 16, at 5 (citing Idaho Code § 45-601(4)). In other words, because he worked for Insure Right in Idaho, Yates argues he is entitled to the protections of the FLSA and IWCA.

As will be explained momentarily, Yates does not dispute he was an independent contractor, and not an employee. As such, it does ultimately matter which state's law the

Court applies because neither Utah nor Idaho protect independent contractors from unpaid wages.

Strictly speaking, however, Utah law is the correct law to apply to Yates's second claim because it is the choice of law to which Yates agreed when he signed his Producer Agreement with Insure Right. Idaho recognizes choice-of-law provisions. The Idaho Supreme Court has long held "[c]hoice-of-law provisions are recognized in Idaho both in commercial and noncommercial transactions" and will be enforced. *Great Plains Equip., Inc. v. Nw. Pipeline Corp.,* 979 P.2d 627, 639 (Idaho 1999). Idaho has also adopted the rule outlined in the Restatement (Second) of Conflict of Laws § 187. *See Ward v. Puregro Co.,* 913 P.2d 582, 584-85 (Idaho 1996). Specifically, parties "have power to determine the terms of their contractual engagements," which includes the selection of "foreign law." Restatement (Second) of Conflict of L. § 187 cmt. c (Am. L. Inst. 1971). When parties contractually agree to a specific choice of law, the forum that was selected will apply "in order to effectuate the intentions of the parties." *Id.*

Thus, Utah law applies because it is the law to which the parties contractually agreed. The Court will not circumvent the parties' agreement and the plain language of the contract, notwithstanding Idaho's strong public policy in favor of protecting employees.

Returning to the merits, both the FLSA and the Utah Payment of Wages Act ("UPWA") restrict protections to employees, not independent contractors. *See* 29 U.S.C. § 203; Utah Code Ann § 31A-1-301. The question, then, is whether Yates was an employee or an independent contractor of Insure Right. Based upon the uncontroverted facts and evidence in this case, the Court finds Yates was an independent contractor.

First and foremost, Yates *admits* he was an independent contractor. *See* Dkt. 14-2, at 10 (Request for Admission No. 28 "Admit that while a Producer for Insure Right you were an independent contractor." Response: "Admit."). Given this admission, Yates cannot now claim he was an employee. Pursuant to Federal Rule of Civil Procedure 36(b), "[a] matter admitted . . . is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Yates has not moved to withdraw or amend his admission; thus, it has been conclusively established that he was an independent contractor.

Second, while the contract between Yates and Insure Right does not use the words "employee" or "independent contractor," it does identify Yates as an insurance "producer." Dkt. 16-1, at 5. The State of Utah, in turn, defines an insurance producer as an "agent" of the employer, rather than an employee. Utah Code Ann. § 31A-1-301(102)(a)(b).[4]

Third, Yates's employment with Insure Right had all the hallmarks of an independent contractor. Yates was free to operate his business as he saw fit. He decided where and when to work, scheduled his own time off, and was not entitled to sick or vacation leave. Yates was paid via commission and Insure Right did not withhold employment taxes. Simply put, Yates was not an employee of Insure Right and is thus not entitled to the protections of either the FLSA or the UPWA. This dooms his second cause of action.

Finally, as alluded to, even if the Court were to apply Idaho law to Yates's second claim, this outcome would not change. Again, Yates admitted he was an independent

[4] The Ninth Circuit has also previously found that insurance agents are (typically) independent contractors. *See Barnhart v. New York Life Ins. Co.*, 141 F.3d 1310, 1313 (9th Cir. 1998).

contractor. The IWCA protects only employees, and under Idaho law, independent contractors are not employees. *Ostrander v. Farm Bureau Mut. Ins. Co. of Idaho*, 851 P.2d 946, 951 (Idaho 1993) ("By using the term 'employee,' the legislature indicated that the provisions of [Idaho statutes dealing with unpaid wages] should apply only to employees, not independent contractors.").[5]

Summary judgment is appropriately granted in favor of Insure Right on Yates's second claim because Yates was an independent contractor and is thus not entitled to recover under either the FLSA, the UPWA, or even the IWCA.

3. *Defamation, Defamation per se, and False Light*[6]

Yates's third, fourth, and fifth causes of action (Defamation, Defamation per se, and False Light) are related and will be addressed in tandem.

Yates broadly asserts Insure Right communicated false and misleading information about him to others. He generally alleges the information communicated by Insure Right was that he was dishonest and/or unethical. The Court will not review the applicable legal standards and elements for such claims because Yates has not presented any evidence to support them.

Yates has not outlined what Insure Right said, when, to whom, and in what context. Insure Right claims it asked Yates to identify the specific defamatory, defamatory per se, or false light information Insure Right purportedly communicated to others, but Yates

---

[5] Notably, the *Ostrander* court specifically highlighted the "any person" language Yates consistently relies upon in his briefing, and explained the statute nevertheless applies solely to employees. 851 P.2d at 951 (noting there is a "clear distinction between employees and independent contractors").

[6] Both parties agree that, because these are tort claims, Idaho law applies. Dkt. 14-1, at 11; Dkt. 16, at 9.

failed to respond. Further, when Insure Right asked Yates to identify potential witnesses on these topics, he apparently did not provide any details, and instead vaguely suggested "witnesses" would testify regarding the information Insure Right provided to them about Yates.[7]

In response, Yates simply claims there are (unidentified) disputed material facts on these claims which preclude summary judgment. In support, Yates cites his complaint.[8]

Yates argues the Idaho Supreme Court has held that "[a] motion for summary judgment can be countered by sworn statements . . . in affidavits, depositions, or in a verified pleading" and, thus, his "statements in his Verified Complaint are sufficient to create a genuine issue of material fact." Dkt. 16, at 12 (citing *Esser Elec. v. Lost River Ballistics Techs., Inc.,* 820 P.2d 360 (Idaho 1991). The problem is Yates's Complaint is barebones to begin with. His statements are largely conclusory and simply recite the elements of the various causes of action.[9] There is absolutely zero information about what was purportedly said by Insure Right, to whom it was said, and what (if any) damages

[7]Insure Right does not state in what form—such as a deposition, request for admission, or interrogatory—it asked Yates about potential witnesses and received this response.

[8] Somewhat ironically, Yates also cites to a declaration filed by Insure Right's owner where he (the owner) explained that, after terminating Yates, he was required to inform various insurance companies, as well as the Utah and Idaho departments of insurance, about Yates's conduct. *See* Dkt. 14-3, ¶ 6. Yet, Yates does not dispute he took the actions Insure Right reported, or that Insure Right was required to report such actions to various accrediting agencies. To be defamatory, a statement must be false. *Steele v. Spokesman-Review*, 61 P.3d 606, 620 (Idaho 2002). Moreover, merely citing to a document presented by the opposing party to illustrate a material fact in the hopes of avoiding summary judgment is insufficient.

[9] As mentioned, *see infra note 1*, the skeletal nature of Yates's Complaint would not be as significant of a problem if the case were at the motion to dismiss stage. Candidly, the Court would have likely still required amendment if Insure Right had moved to dismiss, but complaints are held to a lower standard at the initial stage because discovery has yet to occur, and the claims have not been fleshed out.

Yates suffered as a result of Insure Right's statements. Thus, there are simply no "facts" for the Court to even consider. *See* Federal Rule of Civil Procedure 56(e) (explaining that facts require "proper[] support" to be considered at summary judgment).

The Ninth Circuit has held "a verified complaint based on personal knowledge and setting forth specific, admissible *facts* may be treated as an affidavit to oppose summary judgment." *Baylis v. State of Ariz.*, 83 F.3d 426 (9th Cir. 1996) (emphasis added). But while admissible facts can oppose summary judgment, unsupported allegations cannot. As the Supreme Court has noted, a party opposing summary judgment must "go beyond the pleadings" and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.[10]

At this point, the Court has little more than Yates's allegations. And, by their nature, these allegations are conclusory and/or speculative, reciting merely the elements of Yates's causes of action, without supporting facts. Yates has not cited to anything in the Complaint—or outside of the complaint, such as deposition testimony—to illustrate what "facts" support his allegations. In his opposition brief, Yates's "material facts" are simply his contentions that "Insure Right's defamatory allegations about Yates were false" and

[10] At oral argument, Yates's counsel suggested relying on *Celotex*—or at least a portion of *Celotex*—to determine which party has the burden on summary judgment is "dubious" because some of the verbiage in Rule 56 had changed since *Celotex* was issued. The Court is not entirely sure what counsel meant by this argument. It is true that in 2007 the word "shall" in the sentence "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact" of Rule 56(a) was replaced with "should." However, "shall" was restored in 2010 because its elimination "created an unacceptable risk of changing the summary-judgment standard." Fed. R. Civ. P. 56 advisory committee notes (2010). Regardless of whether this was Yates's counsel's point or not, the fact remains that at the summary judgment stage the moving party does not need evidence negating or disproving every essential element of the non-moving party's case. *Celotex*, 477 U.S. at 325. Instead, the moving party must merely "point out to the district court that there is an absence of evidence to support the nonmoving party's case." *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000) (cleaned up).

that, because of Insure Right's allegations, his "reputation and career have been damaged." Dkt. 16, at 2-3. But there are no details that would allow the Court to find Yates has mounted a sufficient opposition to Insure Right's defensive argument that such statements were not made and/or even if they were made, they were true statements which did not result in any harm to Yates.

It is not the Court's job to "comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (cleaned up). Rather, the "party opposing summary judgment must direct [the Court's] attention to specific, triable facts." *So. Ca. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003). And the existence of a scintilla of evidence in support of the non-moving party's position is insufficient. Instead, "there must be evidence on which [a] jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986). If the plaintiff fails to produce evidence, or if the evidence produced is insufficient, the Court "is not required (or even allowed) to assume the truth of the challenged allegations in the complaint." *Butler v. San Diego Dist. Attorney's Office*, 370 F.3d 956, 963 (9th Cir. 2004).

Outside of his Complaint-based argument, Yates relies primarily on the idea that there is a dispute regarding whether the information communicated about him was true because there is a dispute about what he did. He takes issue with Insure Right's statements that he "fabricated" or "falsified" two insurance contracts, instead asserting that he "altered" them. *See* Dkt. 14-2 (admitting that he "altered the pages with incorrect effective dates and policy numbers"). But this is mere semantics. Yates admits he affirmatively

changed the contracts. He also admits he was not allowed to make the changes he made. Thus, there is no dispute regarding what he did—wordsmithing aside.

Moreover, without *any* evidence of what exactly Insure Right communicated to others about Yates, why such communications were false or defamatory, or the specific damages Yates purportedly suffered as a result,[11] the Court cannot even begin to determine whether there are disputed material facts for trial. Based on what little information is in the record, the Court finds there is no dispute.[12]

For all of these reasons, the Court finds summary judgment is appropriate on Yates's tort claims (Counts Three, Four, and Five).

*4. Tortious Interference with Prospective Economic Advantage*

Yates's sixth and final cause of action is for tortious interference with prospective economic advantage. He claims his book of business with Insure Right was worth in excess of $1.3 million. He maintains he had a reasonable expectation of the continued economic success of his book of business and, due to Insure Right's actions, he no longer has access to that economic advantage. Dkt. 1-2, at 8.

Insure Right again notes that apart from the self-serving statements in Yates's complaint, there is no evidence or factual support for this claim. Yates counters he has "properly plead every element of [this claim] . . . ." Dkt. 16, at 15. But to repeat: this case

[11] The Court will discuss this concept more in the following section, but Yates did not submit any documentation (or even make a semi-calculated estimation) regarding his damages.

[12] This is a critical point. *If* there were more evidence or facts in the record, the Court might have reached a different conclusion. But it is not the Court's duty to conjure up arguments or guess what the facts are or ought to be. It is Yates's duty to point the Court to material facts that preclude summary judgment. He has wholly failed to do so.

is not at the pleading stage. Yates's argument here may have prevailed if Insure Right had filed a motion to dismiss. But this is a motion for summary judgment. On summary judgment, Yates is required to do more than merely recite the elements of his claim and provide conclusory statements suggesting Insure Right's actions fell within those enumerated elements. As outlined above, he needed to point to "specific" facts to defeat Insure Right's summary judgment argument. He has not done so. Thus, there is no way for the Court to even begin to ascertain what economic advantage Yates has, or has not, suffered.

Finally, and relatedly, Insure Right notes Yates failed to serve any Initial Disclosures in this case, including any computation of his alleged damages. Because of this failure, Insure Right asks the Court to dismiss the entire case as a sanction under Federal Rule of Civil Procedure 37(c)(1). Yates did not address his failure to serve Initial Disclosures, but postures his complaint specifically stated his damages are "no less than $100,000." Dkt. 1-2, at 7. This $100,000 figure, however, is included in Yates's claim for false light, and not his claim for tortious interference. So again, the Court has no way to assign any value to this claim, let alone to ascertain if there are any disputed material facts precluding summary judgment.

The Court agrees with Insure Right that Yates has failed to comply with the Federal Rule of Civil Procedure by neglecting to disclose a computation of his damages. The Court has discussed this problem in other cases and explained that while a firm damages amount is not always required, the plaintiff needs to provide sufficient information for the opposing party to understand what is at issue. *See, e.g., Ice Castles, LLC v. LaBelle Lake Ice Palace*

*LLC*, 2021 WL 4138398, at *3 (D. Idaho Sept. 10, 2021); *Torres v. Sugar-Salem Sch. Dist. #322*, 2021 WL 1550331, at *14 (D. Idaho Apr. 20, 2021); *Idahoan Foods, LLC v. Allied World Assurance Co. (U.S.), Inc.*, 2020 WL 1948823, at *6 (D. Idaho Apr. 22, 2020). Yates has not done so here.

However, because the Court finds Insure Right prevails on the merits of its Motion for Summary Judgment, it will not undertake the arduous task of deciding whether dismissal is the appropriate sanction for Yates's failure to produce discovery. The Court simply notes Yates's conduct during discovery also weighs in favor of summary judgment.

In sum, Insure Right is entitled to summary judgment on each of Yates's claims.

**B. Motion for Sanctions (Dkt. 20)**

The Court turns next to Insure Right's Motion for Sanctions. Insure Right requests reimbursement for its counsel's time, travel, and accommodation expenses associated with the originally scheduled summary judgment hearing. *See generally* Dkt. 20. Yates opposes the motion and counters that, because Insure Right's counsel appeared remotely at the rescheduled hearing, she did not actually incur any additional costs. The Court agrees and will only award those costs that are truly duplicative in that they would not have been incurred but for Yates's counsel's failure to appear at the first hearing.

The Court would be remiss, however, if it did not at least mention its displeasure with the fact that it was the one who discovered *both* Yates's failure to respond to Insure Right's Motion for Summary Judgment in a timely manner *and* that Yates's counsel was out of the country for the scheduled hearing. The Court is not in the habit of monitoring whether counsel in any given case receives all applicable filings and notices of hearings—

after all, the undersigned presides over roughly 450 civil and criminal cases. Moreover, it is counsel's duty to be familiar with the Court's case management system and to utilize it properly. *See* Dist. Idaho Loc. Civ. R. 5.1. In this case, the Court went out of its way to alert counsel and investigate each situation as a means of assistance. The fact that the second incident even occurred exacerbates the Court's frustration. The Court communicated with Yates's counsel and his firm after the first incident, and they were on notice they needed to change their notification and email parameters to ensure receipt of all court documents and filings. And yet nothing apparently changed. Regardless, the Court hopes the situation has been remedied so that future filings are not missed.

More to the point, however, had Insure Right's counsel travelled to Pocatello for the second hearing, the Court would have reimbursed her for all costs of one of her trips. But because the Court allowed her to attend remotely, she did not incur "additional" costs. The Court expects counsel to appear in person—absent extenuating circumstances—and, therefore, a trip to Pocatello was always going to be an expense in this case.

That said, counsel represents she spent an additional two hours preparing for the second hearing that she otherwise would not have done had the first hearing proceeding as planned. The Court will, therefore, order that Yates's counsel reimburse her for these additional costs. Insure Right's counsel's hourly rate is $275 per hour (which is commensurate with attorneys in Boise of similar experience) and the Court finds two hours of preparation is reasonable.

Therefore, Insure Right's Motion for Sanctions is GRANTED in PART and DENIED in PART. Yates's counsel must reimburse Insure Right's counsel $550 for the

time she spent preparing for the second hearing. The motion is denied in all other respects.

## V. CONCLUSION

Summary judgment must be granted on Claim One. While jurisdictionally allowed, this claim cannot survive because Yates's other claims cannot survive. Additionally, this claim fails on the merits. The Court will not make any of the declarations Yates requests because his interpretation about his status as an employee is incorrect.

Summary judgment is appropriate on Claim Two because Yates was an independent contractor and, as a result, was not entitled to the protections of the FLSA, the UPWA, or the IWCA.

Summary judgment is granted as to Claims Three, Four, and Five because Yates has not presented any evidence to support his claims. He cannot rely on his own complaint—verified as it may be—to oppose summary judgment. He must present some facts beyond his formulaic allegations.

Summary judgment is appropriate on Claim Six because, again, there is no evidence to support this claim and Yates failed to disclose his damages.

Finally, as discussed, while the Court would likely side with Insure Right regarding Yates's failure to serve Initial Disclosures and a computation of damages, and would dismiss this case as a sanction, it will not take this step today because it finds, substantively, that there are no disputed material facts which preclude entering summary judgment on each of Yates's claims. Still, Yates's complete and utter failure to both prosecute his case and engage in discovery is another independent reason for a ruling in Insure Right's favor.

In sum, summary judgment is appropriately entered in Insure Right's favor on each

of Yates's six claims. There are no disputed material facts requiring this case proceed to trial.

## VI. ORDER

1. Insure Right's Motion for Summary Judgment (Dkt. 14) is GRANTED.
2. Insure Right's Motion for Sanctions (Dkt. 20) is GRANTED in PART and DENIED in PART as outlined above.
3. Yates's counsel must pay Insure Right's counsel $550 within twenty-one (21) days of the date of this Order.
4. The Court will enter a separate judgment in accordance with Federal Rule of Civil Procedure 58.

UNITED STATES COURTS DISTRICT OF IDAHO

DATED: September 29, 2025

David C. Nye
Chief U.S. District Court Judge