**KIM J. TROUT, ISB #2468**
**ALYSSA JONES, ISB #12181**
TROUT & JONES, PLLC
3778 N. Plantation River Dr., Ste. 101
Boise, ID  83703
Telephone (208) 577-5755
Facsimile (208) 577-5756
service@trout-law.com

Attorneys for Defendant.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RILEY YATES, an individual,<br><br>　　　　　Plaintiff/Counterdefendant,<br><br>vs.<br><br>INSURE RIGHT INSURANCE AGENCY, LLC,<br>a Utah limited liability company,<br><br>　　　　　Defendant/Counterclaimant. | FEDERAL COURT CASE NO:<br>4:24-CV-00095-DCN<br><br>MEMORANDUM IN SUPPORT OF<br>MOTION FOR AWARD OF FEES<br>AND COSTS |

COMES NOW, Trout & Jones, PLLC (f/k/a Trout Law, PLLC) and hereby submits its memorandum in support of the Motion for Award of Fees and Costs.

## INTRODUCTION

This case began on December 27, 2023, by the filing of a Verified Complaint in Bannock County, Idaho in the Idaho District Court.  Plaintiff was an independent contractor of Insure Right first hired in July 2019 by the execution of a Producer Agreement.  Yates was terminated on June 26, 2023, and six months later, filed this lawsuit.  Yates' causes of action were for: (1) declaratory judgment, (2) Idaho Wage Claim Act, (3) Defamation, (4) Defamation Per Se, (5) False Light, and (6) Tortious Interference.

Insure Right filed its Motion for Summary Judgment on January 13, 2025.  The Court heard oral argument on July 31, 2025.  Thereafter, the Court entered its Memorandum Decision and Order

granting summary judgment as to all counts in favor of Insure Right and entering a judgment on September 29, 2025 (Dkts. 23 and 24).

## LEGAL STANDARDS

Under Idaho law the expansive and well thought out network of methods to recover attorney fees and costs in litigation is awardable pursuant to Idaho Code § 12-120(3) in commercial disputes, Idaho Code § 12-121 for actions brought frivolously, and Utah Code § 78B-5-826. Here, the Court found that Utah law applied at least with respect to the failure to pay wages (Count 2) of Plaintiff's Complaint. Federal Rule of Civil Procedure 54 sets the procedural requirements for recovering fees and costs.

Idaho Code § 12-120(3) states: "[I]n any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs."

"A federal court sitting in diversity applies the law of the forum state regarding an award of attorneys' fees. *See*, 6 James Wm. Moore et al., Moore's Federal Practice § 54.78[1] (3d ed. 2000);" *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000). "In an action where a district court is exercising its subject matter jurisdiction over a state law claim, so long as 'state law does not run counter to a valid federal statute or rule of court, and usually it will not, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.'" *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999) (internal citations omitted).

## ARGUMENT

Insure Right is the prevailing party in this matter and is therefore entitled to a reasonable award of its fees and costs.

### 1. Attorney's Fees and Costs Requested

The Moving Defendants request the total sum of $37,876.44, as follows:

| Biller | Hours | | Total Billed |
|---|---|---|---|
| Alyssa Jones | 50.3 | $ | 13,832.50 |
| Kim Trout | 42.4 | $ | 14,840.00 |
| Steven Schossberger | 13.5 | $ | 4,725.00 |
| Kevin Kluckhohn | 15.8 | $ | 2,888.00 |
| Teressa Zywicki | | $ | 1,590.00 |
| Costs[1] | | $ | 550.94 |
| Sanctions | | -$ | 550.00 |
| **TOTAL** | | **$** | **37,876.44** |

### 2. The Producer Agreement dictates an award of fees and costs to Insure Right.

Utah Code Annotated, Section 78B-5-826, much like Idaho Code § 12-120(3) provides the Court may award costs and attorney fees to the prevailing party so long as it is based upon a written contract.  Here, the Producer Agreement states as follows:

> If AGENCY refers this agreement to any attorney for the endorsement of the obligations of PRODUCER, PROCUDER agree to pay to AGENCY, AGENCYS [sic] reasonable attorney fees incurred in connection with such enforcement, which attorneys [sic] fees may be assessed and recovered in any proceeding brought hereunder.

Dkt. 16-1, Exhibit 1.

Insure Right was required to retain counsel in Idaho to defend against Plaintiff's claims and prevailed.  As such, and pursuant to the Producer Agreement, Insure Right requests the Court enter an award of fees and costs in Insure Right's favor.

### 3. Idaho Code 12-120(3) dictates an award of fees and costs to Insure Right.

Attorney fees are recoverable under Idaho Code § 12-120(3), as this action involves a commercial transaction. The statute mandates that the prevailing party in a lawsuit involving a

---

[1] Pursuant to L.R. Civ. Pro. 54.1(a) the parties met and conferred telephonically regarding the costs, which are for filing fees of $550.94.

**MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF FEES AND COSTS | Page 3**

commercial transaction shall be allowed a reasonable attorney fee. A "commercial transaction" has been defined broadly by the courts to include any transaction intended or conducted for the purpose of financial gain. Therefore, Idaho courts have construed this term broadly to cover a wide range of financial dealings and business disputes.  There can be no dispute that this was a business transaction.

Yates was a "producer," or an agent and independent contractor. This meant that through the scope of his time associated with Insure Right, transactions were conducted for the purpose of financial gain for Yates and Insure Right.

Therefore, Idaho Code § 12-120(3) applies, and AIA, as the prevailing party, is entitled to an award of its fees and costs.

### 4.  The Plaintiff pursued this case frivolously and fees should be awarded under Idaho Code § 12-121.

Idaho Code § 12-121 states:

> In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties when the judge finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation.

Here, Plaintiff's causes of action were completely frivolous.  Plaintiff admitted he was an independent contractor, which wholly precluded Counts 1 and 2 of his complaint for unpaid wages under the FLSA, the Idaho Wage Act, and the Utah Wage Act.  Plaintiff did not identify a single statement that was false or misleading, thereby causing Counts 3, 4, and 5 of Plaintiff's Complaint to fail. And finally, Plaintiff did not articulate what economical interference he suffered under Count 6. The Court entered summary judgment as to all these issues.

Further, this Court noted Yates complete failure to serve any Initial Disclosures in this case, to include any computation of alleged damages. And, when raised as an issue in Summary Judgment, Yates failed to address his failure, but simply claimed that the complaint stated the damage amount was no less than $100,000.

**MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF FEES AND COSTS | Page 4**

> The Court agrees with Insure Right that Yates has failed to comply with the Federal Rule of Civil Procedure by neglecting to disclose a computation of his damages. . . . However, because the Court finds Insure Right prevails on the merits of its Motion for Summary Judgment, it will not undertake the arduous task of deciding whether dismissal is the appropriate sanction for Yates's failure to produce discovery. The Court simply notes Yates's conduct during discovery also weighs in favor of summary judgment.

Dkt. 23, ps. 15-16.

Between the failure to provide initial disclosures, and the failures throughout the summary judgment motion practice and argument, it is clear that this case was brought frivolously.

> This Court has held that an award of attorney fees under I.C. § 12–121 is not a matter of right, and is appropriate only when the Court, in its discretion, is left with the abiding belief that the action was pursued, defended, or brought frivolously, unreasonably, or without foundation. When deciding whether the case was brought or defended frivolously, unreasonably, or without foundation, the entire course of the litigation must be taken into account. Thus, if there is a legitimate, triable issue of fact, attorney fees may not be awarded under I.C. § 12–121 even though the losing party has asserted factual or legal claims that are frivolous, unreasonable, or without foundation. The award of attorney fees rests in the sound discretion of the trial court and the burden is on the person disputing the award to show an abuse of discretion.

*Idaho Mil. Hist. Soc'y, Inc. v. Maslen*, 156 Idaho 624, 631, 329 P.3d 1072, 1079 (2014) (internal citations omitted).

The Idaho Supreme Court has "previously held that a district court should take a holistic view of the entire litigation when awarding attorney fees pursuant to section 12-121. … The language of Idaho Code section 12-121 is not limited to the quality of legal arguments, but includes the manner in which the case was 'brought, pursued or defended[.]' I.C. § 12-121." *Millard v. Talburt*, 173 Idaho 533, 548, 544 P.3d 748, 763 (2024).  Here, after taking a holistic view of Plaintiff's case, it was pursued frivolously and without foundation.  There was not a legitimate triable issue presented to the Court.

   **5.  Idaho Rules of Civil Procedure Rule 54 Factors:**

Rule 54 of the Federal Rules of Civil Procedure lays out the process for requesting attorney's fees and costs.  Pursuant to *Yellowstone Poky, LLC v. First Pocatello Assocs., L.P.*, No. 4:16-CV-00316, 2020 WL 5790385, at *3 (D. Idaho Sept. 28, 2020), when determining the amount of attorney fees to

**MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF FEES AND COSTS | Page 5**

be awarded under Idaho Code § 12-120(3), federal courts sitting in diversity consider the reasonableness factors set forth in Idaho R. Civ. P. 54(e)(3). Therefore, Insure Right walks through each of the factors herein.

A. The time and labor required: This matter has been pending for nearly two years, and the attorneys involved have spent 122 hours on this matter. While there are limited docket entries (only 24), following the close of discovery, Insure Right moved for summary judgment as to all six counts, which was granted.

B. The novelty and difficulty of the questions: This case involved six claims across the spectrum from labor law (both Federal and State) to torts. The Plaintiff alleged that the Idaho Wage Act and the FLSA protected Plaintiff as an employee, even though he admitted he was an independent contractor. The Plaintiff further alleged false statements tortiously interfered with his business and that the statements arose to the level of defamation and false light. These were quite serious allegations, and although they lacked a factual basis, required extensive research and argument for the granting of summary judgment in Insure Right's favor.

C. The skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law: The skill necessary to perform the legal services is standard within the state of Idaho Bar Association. However, the experience and ability of the attorneys in the field are extensive. Insure Right was represented by Mr. Trout who has been practicing for over 45 years, Ms. Jones who has been practicing for two years, and Steven Schossberger who practiced for a little over 20 years. Alyssa Jones, who previously served in the Army National Guard as an officer and also taught junior high English for 5 years prior to becoming an attorney, primarily represented Insure Right from August 2024 through conclusion and

**MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF FEES AND COSTS | Page 6**

successfully argued the summary judgment.  The attorneys were assisted by Kevin

Kluckhohn who extensively worked on the matter and has been in the legal industry

for 17 years.

D.  The prevailing charges for like work:  Each of the attorneys charged an hourly rate

that was reasonable for their work.  Several cases, in the Idaho Federal Court, have

found that an hourly rate of $380 per hour "was reasonable for the lead attorney with

over 20 years of experience specifically focused on intellectual property litigation."

*Composite Res., Inc. v. Rood*, No. 2:21-CV-00500-BLW, 2023 WL 2354831, at *4 (D.

Idaho Mar. 3, 2023).  This Court has previously held that the rates charged by counsel

in this matter is reasonable. Dkt. 23, p. 17.  Here, Kim Trout and Steven Schossberger

billed at the hourly rate of $350 per hour, while Alyssa Jones billed at the rate of $275

per hour.  The firm's paralegal, Kevin Kluckhohn, billed at the rate of $175 and $185

per hour.

E.  Whether the fee is fixed or contingent:  Insure Right was billed hourly for the attorneys

and paralegals that worked on its case and the actual costs expended.

F.  The time limitations imposed by the client or the circumstances of the case:  There

were no particularly strict time limitations imposed by the client.

G.  The amount involved and the results obtained:  The Plaintiff was awarded $0 and

judgment was entered in Insure Right's favor, who was also granted sanctions in the

amount of $550.

H.  The undesirability of the case:  This case was not particularly undesirable. The Court

should find that this factor does not weight against granting the motion.

I.   The nature and length of the professional relationship with the client: This is the first case on which Insure Right was represented by the firm.  The Court should find that this factor does not weight against the Moving Defendants.

J.   Awards in similar cases:  Insure Right is unaware of awards in similar matters.

K.   The reasonable cost of automated legal research (computer assisted legal research), if the court finds it was reasonably necessary in preparing a party's case:  Insure Right was not charged for the attorney-assisted legal research.

L.   Any other factor which the court deems appropriate in the particular case:  Insure Right diligently defended this case to a successful conclusion.

## CONCLUSION

For the foregoing reasons, Insure Right requests the Court award it its requested attorneys' fees and costs necessarily incurred in this litigation.

DATED October 13, 2025.

TROUT & JONES, PLLC


_/s/ Alyssa R. Jones_
Alyssa R. Jones
Attorney for Insure Right Insurance Agency, LLC


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 13, 2025, a true and correct copy of the above and foregoing document was forwarded addressed as follows in the manner stated below:

Patrick J. Davis
         pdavis@beardstclair.com

_/s/ Alyssa R. Jones_
Alyssa R. Jones
Attorney for Insure Right Insurance Agency, LLC


**MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF FEES AND COSTS | Page 8**