UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RILEY YATES, an individual,<br><br>                         Plaintiff,<br><br>v.<br><br>INSURE RIGHT INSURANCE AGENCY, LLC, a Utah limited liability company,<br><br>                         Defendant. | Case No. 4:24-cv-00095-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Insure Right Insurance Agency, LLC's ("Insure Right") Motion for Attorney Fees (Dkt. 25), Plaintiff Riley Yates's Response to the Motion (Dkt. 26), and Insure Right's Reply. Dkt. 27.

Upon review, and for the reasons explained below, the Court GRANTS in PART and DENIES in PART Insure Right's Motion for Attorney Fees.[1]

## II. BACKGROUND[2]

On July 1, 2019, Insure Right hired Yates as an insurance producer and agent. Yates executed Insure Right's "Producer Agreement" the same day. Insure Right is a Utah limited liability company. At the time Yates was hired in 2019, he was a resident of Utah. Yates relocated to Pocatello, Idaho, in November 2022, but continued to work for Insure Right

---

[1] The Court finds the facts and legal arguments are adequately presented and will decide the Motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

[2] The Court previously outlined the background of this case in more detail and limits its discussion here to facts relevant for this particular Motion. *See* Dkt. 23, at 2–4.

MEMORANDUM DECISION AND ORDER - 1

remotely.

On June 26, 2023, Insure Right terminated Yates, alleging he had altered two insurance declaration pages to show two properties were covered by insurance, when, in fact, they were not.

After terminating Yates, Insure Right withheld some of Yates's earnings. Insure Right also communicated to certain clients and other regulatory agencies that Yates had engaged in unethical behavior and had consequently been terminated from the company.

On December 27, 2023, Yates filed suit in Idaho State Court. Dkt. 1-2. On February 20, 2024, Insure Right removed the case to federal court. Dkt. 1. In his complaint, Yates alleged six causes of action: (1) Declaratory Relief; (2) Failure to Pay Wages (pursuant to the Fair Labor Standards Act ("FLSA") and Idaho Wage Claim Act ("IWCA")); (3) Defamation; (4) Defamation per se; (5) False Light; and (6) Tortious Interference with Prospective Economic Advantage. *See generally* Dkt. 1-2.

Following discovery, Insure Right moved for Summary Judgment, putting forth several arguments that Yates could not prevail on any of his claims. *See generally* Dkt. 14. Insure Right also requested sanctions against Yates's counsel for failing to attend the scheduled hearing on that motion. *See* Dkt. 20. The Court agreed with Insure Right's arguments and granted summary judgment in full against Yates. Dkt. 23, at 17. The Court also granted sanctions against Yates's attorney to reimburse Insure Right's counsel for the expenses she incurred travelling to the hearing that had to be rescheduled. *Id*. at 19.[3]

---

[3] The Court gave Yates's attorney 21 days to pay the sanction imposed. Dkt. 23, at 19. It has now been nearly nine months since that order was issued and to the Court's knowledge, the sanction has not been

MEMORANDUM DECISION AND ORDER - 2

After the entry of summary judgment, Insure Right filed a Motion for Attorney Fees. Dkt. 25. In the Motion, Insure Right set out both the amount of attorney fees charged and the grounds upon which they believe Yates should be required to pay. Insure Right requests $37,325.50 in fees and $550.94 in costs. Yates opposed the Motion in his Response (Dkt. 26), and Insure Right filed a Reply to Yates's Response. Dkt. 27.

The Court will now address this issue to determine if the Motion should be granted, and if so, the appropriate amount of fees.

### III. LEGAL STANDARD

**A. Idaho Code § 12-120(3)**

Under Idaho Code § 12-120(3), the Court must award reasonable attorney's fees to the prevailing party in a civil action to recover on a contract relating to the purchase or sale of merchandise, or in any other commercial transaction unless otherwise provided by law. The statute defines a commercial transaction as "all transactions except [those] for personal or household purposes." *Id.*

To determine if attorney's fees should be awarded pursuant to § 12-120(3), the Court must analyze: (1) if there is a commercial transaction that is integral to the claim; and (2) if the commercial transaction is the basis upon which recovery is sought. *Great Plains Equip., Inc. v. Nw. Pipeline Corp.*, 36 P.3d 218, 223 (Idaho 2001). "In other words, the relevant inquiry is whether the commercial transaction constituted 'the gravamen of the

---

paid. The Court contemplated doubling the award as a further sanction for Yates's counsel's complete and unjustifiable disregard of its order but has determined not to take that route at this time. The Court, however, expresses its surprise that its order wasn't promptly followed and cautions counsel to comply with all Court orders moving forward (in this case and others).

lawsuit.'" *Garner v. Povey,* 259 P.3d 608, 615 (Idaho 2011) (citing *Great Plains*, 36 P.3d at 224).

## B. The Lodestar Method

"After establishing that a plaintiff is entitled to attorney's fees, the Court must calculate a reasonable fee award." *Animal Legal Def. Fund v. Otter*, 2016 WL 2910266, at *2 (D. Idaho May 18, 2016). To calculate a reasonable fee award, courts in the Ninth Circuit use the two-step "lodestar method." *Mares-Orozco v. Guzman*, 2023 WL 5179674, at *4 (D. Idaho Aug. 10, 2023) (citing *Edmo v. Idaho Dep't of Corr.*, 2022 WL 16860011, at *2 (D. Idaho Sept. 30, 2022)). The lodestar method multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018). To establish the requested hours and rate are reasonable, the "burden is on the party seeking the fee award and can be carried by submitting evidence and documents supporting the hours worked." *Id.* (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992)).

## IV. DISCUSSION

## A. The "Producer Agreement"

First and foremost, the Producer Agreement which Yates signed at the outset of his job with Insure Right—that discusses attorney fees—is an enforceable contract. Yates nevertheless argues the language relied upon by Insure Right in its Motion is ambiguous. Dkt. 26. The Court disagrees.

The quoted provision from the contract states that Yates "agree[s] to pay to [Insure Right] [Insure Right's] reasonable attorney fees incurred in connection with . . .

enforcement" of its obligations under the contract. Dkt. 25, at 3. While Yates argues this language has many possible interpretations, the Court finds this language makes clear that by executing the Producer Agreement, Yates agreed to pay attorney fees arising out of any future lawsuit wherein Insure Right had to hire an attorney to enforce the terms of the Agreement.

Accordingly, the Court finds Yates assumed the responsibility to pay attorney fees in this case. Because the Agreement alone is sufficient to show it is appropriate for the Court to order Yates to pay attorney fees, it is not necessary to discuss at length the other theories set forth by Insure Right in its Motion. However, because Insure Right's theory based on Idaho Code § 12-120(3) is so closely related to the reasoning set forth above, the Court will briefly explain why it is also appropriate for Insure Right to recover under the applicable Idaho statute.

**B. Idaho Code § 12-120(3)**

As a reminder, § 12-120(3) requires the Court to analyze whether: (1) there is a commercial transaction that is integral to the claim at issue; and (2) if the commercial transaction is the basis upon which recovery is sought. *See Great Plains*, 36 P.3d at 224).

The Court finds it clear there was a commercial transaction at the center of this case. Yates's job with Insure Right falls cleanly into the category of a transaction that is not for personal or household purposes because the Agreement itself was for him to perform work. This satisfies the first step of the analysis under § 12-120(3).

Yates vehemently argues this suit is not related to a commercial transaction. However, his explanation is—as pointed out by Insure Right—somewhat nonsensical, as

MEMORANDUM DECISION AND ORDER - 5

he states "[t]he contract at issue in this case was to build a shop behind Plaintiff's home."[4] Because this explanation fails to provide any support for the assertion that the suit is not related to a commercial transaction, the Court finds it clear that the Producer Agreement is the commercial transaction upon which recovery was sought by Yates. This satisfies the second step of the analysis under § 12-120(3).

Having confirmed that this case centered on a contract relating to a commercial transaction, it is clear that Idaho Code requires the Court to award reasonable attorney fees to Insure Right as the prevailing party. The only remaining question is whether the amount requested by Insure Right's counsel is appropriate. The Court will address this issue next.

## C. Lodestar Calculation

Because Insure Right is entitled to attorney's fees under both the language of the Producer Agreement and under Idaho Code § 12-120(3), the Court must assess the "lodestar" amount, or the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate, to reach an appropriate final award.

### 1. Reasonable Rates

"In determining a reasonable fee award, the Court should consider both the experience, skill, and reputation of the attorney requesting fees," and "the prevailing market rates in the relevant community." *LaKamp v. Runft*, 2025 WL 2675946, at *5 (citation modified). The relevant community for determining reasonable hourly rates is the

---

[4] It appears Yates's counsel copied this section of his brief—as well as the section about Idaho Code § 12-121—from his brief in another case and inserted it here without adapting the facts to the case at hand. While it is understandable to reuse sections of briefs counsel previously wrote in other cases, especially when explaining the relevant legal standard, counsel should engage in sufficient proofreading before submitting filings to avoid confusion or the appearance of carelessness.

MEMORANDUM DECISION AND ORDER - 6

forum in which the district court sits. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).

Here, Insure Right retained counsel on an hourly basis. Alyssa Jones, Kim Trout, Steven Schossberger, and Kevin Kluckhohn (a paralegal) worked on the case at rates of $275 per hour, $350 per hour, $350 per hour, and $175 to $185 per hour, respectively. Jones has been practicing for 2 years, Trout for 45 years, and Schossberger for 20 years, while Kluckhohn has worked as a paralegal for 17 years. Additionally, Insure Right requests fees for Teressa Zywicki—a research consultant—and states she was paid $1,590.[5]

This Court has previously held that hourly rates significantly higher than the rates sought by Insure Right's counsel and paralegals were reasonable. *See, e.g. SBP LLLP v. Hoffman Constr. Co. of Am.*, 2025 WL 959517, at *4 (D. Idaho Mar. 31, 2025) (holding that hourly rates of up to $460 are reasonable for attorneys of similar experience levels as Insure Right's attorneys). Because of this, the Court finds the requested hourly fee rates for Trout, Jones, and Schossberger are reasonable. Similarly, the Court has held paralegal rates of $155-195 per hour are consistent with the market rate for similar work in Boise. *Id*. Thus, Kluckhohn and Zywicki's requested rates are reasonable.

### 2. Reasonable Hours Expended

"A district court must base a finding of reasonable hours on evidence and sound documentation," and "[t]he fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours

---

[5] Insure Right explains Zywicki's rate was "less than $150.00 per hour" and that she should be treated like a paralegal. Dkt. 25-2, at 3.

MEMORANDUM DECISION AND ORDER - 7

worked." *Env't Prot. Info. Ctr., Inc. v. Pac. Lumber Co.*, 229 F. Supp. 2d 993, 1004–05 (N.D. Cal. 2002), *aff'd sub nom. Env't Prot. Info. Ctr. v. Pac. Lumber Co.*, 103 F. App'x 627 (9th Cir. 2004) (citation modified); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). A court may exclude from the fee calculation hours that were not "reasonably expended," such as hours which are "excessive, redundant, or otherwise unnecessary[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The fee applicant bears the burden of proof and "can meet his burden—although just barely—by simply listing his hours and identifying the general subject matter of his time expenditures." *Fisher v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (citation modified). "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

Here, there is some dispute about the number of hours expended by Insure Right's counsel. Yates argues Insure Right's requested amount is "absurd," because Trout and Jones performed work that was "duplicative and patently unreasonable." Dkt. 26, at 2. Yates mentions the relative dearth of filings and hearings in this case to support that assertion. Insure Right counters that, to build a case, extensive work was necessary to secure a favorable outcome at the summary judgment stage. Dkt. 25, at 6.

Yates appears to feel strongly that Insure Right's counsel is requesting payment for excessive hours, but he does not offer persuasive support for his assertion. Essentially, he rests on the bare assertion that the hours listed were excessive because there were not many filings or hearings in the case.

MEMORANDUM DECISION AND ORDER - 8

On the other hand, Insure Right confirms the hours were not excessive because, while there were not many filings or hearings, the case took over two years and included extensive discovery, research, and additional preparation. Additionally, because Yates asserted six claims against Insure Right, counsel was required to research and address each claim in detail to ensure a favorable outcome.

The Court finds that while Yates's arguments are not persuasive, Insure Right did not meet its burden of documenting the hours worked by its counsel, save for the hours worked by Ms. Jones. Pursuant to Local Rule 54.2(b), a motion for attorney fees must also include statements of counsel regarding not only the hourly rate and hours expended, but the dates of work and services rendered.[6]

Here, only Ms. Jones submitted her billing log, which explains what dates she worked and the precise time she took to complete specific tasks relating to this case, as well as her hourly rate and total hours expended.

Conversely, Insure Right submitted no billing logs for any of the other attorneys or paralegals. While Insure Right mentioned the hourly rates and listed the total tally of hours expended by everyone except for Ms. Zywicki, there is no explanation of what work each individual spent those hours doing. The Court is perplexed by this, as Mr. Trout stated in his Declaration that he "reviewed the time records for [himself] and [his] firm in relation to this matter which are attached hereto as Exhibit 1," that "[t]he billing detail is based on

---

[6] The relevant text of Local Rule 54.2(b) states that motions for attorney fees "must be accompanied by an affidavit of counsel setting forth the following: (1) date(s), (2) service(s) rendered, (3) hourly rate, (4) hours expended, (5) a statement of attorney fee contract with the client, and (6) information, where appropriate, which might assist the Court in determining the dollar amount of fee to be allowed." Dist. Idaho Loc. Civ. R. 54.2(b).

MEMORANDUM DECISION AND ORDER - 9

hourly information that was logged by members of my firm," and that the records "indicate and show[] the time spent, the work performed, and the rate charged." Dkt. 25-2, at 2. This implies Insure Right intended to provide detailed records of the work its counsel performed, but again, except as to Jones, no such records were submitted to the Court.

By neglecting to submit records for the work performed by all but Ms. Jones, Insure Right failed to meet the low bar set in *Fisher*, which requires only a simple list of the hours worked and the "general subject matter" of the time spent. 214 F.3d at 1121. Because of this failure, the Court must reduce the requested fee award to reflect only the work which was sufficiently documented. Accordingly, the fees requested for Jones are GRANTED, and the fees requested for Trout, Schossberger, Kluckhohn, and Zywicki must be DENIED.

### 3. Kerr Adjustments

Insofar as Ms. Jones was the only one whose work was adequately documented to the Court, the final step in the lodestar analysis is to measure the lodestar figure against the factors set out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) to determine whether an adjustment to the lodestar figure is necessary. *Mares-Orozco*, 2023 WL 5179674, at *5. The factors include the: "(1) time limitations imposed by the client or the circumstances, (2) the 'undesirability' of the case, (3) the nature and length of the professional relationship with the client, and (4) awards in similar cases." *Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994) (citation modified); *Kerr*, 526 F.2d at 70. "Only in rare instances should the lodestar figure be adjusted on the basis of other considerations." *Harris*, 24 F.3d at 18 (citation modified). "The burden of proving that such an adjustment is necessary" is on the party seeking the adjustment. *Blum v. Stenson*, 465 U.S. 886, 898

MEMORANDUM DECISION AND ORDER - 10

(1984).

Here, while Insure Right has provided some analysis of these factors—or at least of substantially similar factors from Idaho Rule of Civil Procedure 54(e)(3)—neither party has referred to the *Kerr* factors to request any adjustment to the lodestar calculation, nor has either party pled any facts which would indicate such an adjustment would be appropriate. If anything, Insure Right refers to the I.R.C.P. factors to support an award of attorney fees generally, not to request any adjustment to the award amount. Accordingly, the *Kerr* factors are not relevant to the award amount in this case.

## V. CONCLUSION

Yates sought to recover on six claims against Insure Right, and a commercial transaction was the gravamen of the suit. Accordingly, Insure Right is entitled to an award of attorney's fees under the provision of the Producer Agreement and under Idaho Code § 12-120(3). Under the lodestar method, the reasonable amount of attorney's fees in this case is $13,282.50.[7] Costs in the amount of $550.94 are also appropriately awarded.[8] The Court will GRANT Insure Right's Motion for these amounts.

## VI. ORDER

The Court **HEREBY ORDERS**:

1. Insure Right's Motion for Attorney Fees (Dkt. 25) is GRANTED in PART and

---

[7] Insure Right correctly deducted the Court's $550 sanction award from its total calculation; therefore, there is no impermissible double counting.

[8] Yates did not object to this amount—which simply represents the filing fee paid in this case—and Insure Right met and conferred with Yates as required by local rule before seeking these costs. Dkt. 25-1, at 3 n.1. Good cause appearing, the same will be awarded.

DENIED in PART as outlined above.

2. The Court awards Insure Right's attorney's fees in the amount of $13,282.50 and costs in the amount of $550.94.

3. Yates will have thirty days from the filing of this Order to comply.

4. If Yates's counsel has not already complied with the Court's sanction order, he has seven business days from the date of this Order to comply.

DATED: June 22, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 12