**KIM J. TROUT, ISB #2468**
**ALYSSA JONES, ISB #12181**
TROUT LAW, PLLC
3778 N. Plantation River Dr., Ste. 101
Boise, ID  83703
Telephone (208) 577-5755
Facsimile (208) 577-5756
service@trout-law.com

Attorneys for Defendant.

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RILEY YATES, an individual,<br><br>Plaintiff/Counterdefendant,<br><br>vs.<br><br>INSURE RIGHT INSURANCE AGENCY, LLC,<br>a Utah limited liability company,<br><br>Defendant/Counterclaimant. | FEDERAL COURT CASE NO:<br>4:24-CV-00095-DCN<br><br>MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM JUDGMENT |

COMES NOW, Insure Right Insurance Agency, LLC, by and through its counsel of record, Kim J. Trout and Alyssa R. Jones of Trout & Jones, PLLC, and hereby submits the following Memorandum in Support of Motion for Relief from Judgment.

## INTRODUCTION

On September 29, 2025, the Court entered its Memorandum Decision and Order (Dkt. 23) and the Judgment in favor of the Defendant (Dkt. 24).  Subsequently, Defendant timely filed its Motion for Award of Fees and Costs (Dkt. 25) seeking $36,285.50 of fees.  This motion was supported by the Declaration of Kim J. Trout (Dkt. 25-2) and the Declaration of Alyssa R. Jones (Dkt. 25-3).

On June 22, 2026, the Court entered its Memorandum Decision and Order as it relates to requested fees and costs (Dkt. 28) and granted the majority of the fees billed by Alyssa R. Jones but noted that Insure Right did not submit billing logs for attorneys or paralegals.  For the reasons

**Motion for Relief from Judgment | Page 1**

explained below, relief is warranted under Rule 60(a) or Rule 60(b).  Insure Right respectfully requests the Court, pursuant to FRCP 60, enter a Second Amended Judgment to reflect the attorneys' fees actually incurred in defending this action.

**ARGUMENT**

### 1.  Legal Standard

Federal Rule of Civil Procedure 60(b) provides, in relevant part, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for. . . (1) mistake, inadvertence, surprise, or excusable neglect. . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). There is no strict time requirement for filing a motion for relief under Rule 60(b); the motion must be made within a "reasonable time." Fed. R. Civ. P. 60(c)(1).  Like all Federal Rules of Civil Procedure, Rule 60 "is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir. 1983).  Rule 60(b) is "designed to prevent injustice by allowing a court to set aside the unjust results of litigation." *White v. Nat'l Football League*, 756 F.3d 585, 596 (8th Cir. 2014).  "The district court has wide discretion in deciding whether or not to grant a motion under [Rule] 60(b)." *Atkinson v. Prudential Prop. Co., Inc.,* 43 F.3d 367, 371 (8th Cir. 1994).

### 2.  Defendant's Rule 60(b)(1) Motion should be granted because the error at issue was the product of inadvertence or excusable neglect.

With respect to Rule 60(b)(1), the Ninth Circuit Court of Appeals has adopted the *Pioneer test*, which is a four-part test which includes: (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *See, Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).  Whether a party's or counsel's neglect can properly be excused under a Rule 60 Motion is

**Motion for Relief from Judgment | Page 2**

a determination that must be made after considering the four *Pioneer* factors. *Id.* The Ninth Circuit has made it clear that the weighing of the *Pioneer* factors is left to the "discretion of the district court in every case." *Id.*

Relief under Rule 60(b)(1) and the application of the *Pioneer* factors is justified on the basis of excusable neglect. The first *Pioneer* factor weighs in favor of the Defendant. Specifically, the Plaintiff would suffer no prejudice if the Court were to grant relief under Rule 60(b)(1), because the Court clearly indicated that Insure Right was entitled to an award of attorney's fees pursuant to the written agreement executed by the Plaintiff.

The second and fourth *Pioneer* factors also weigh in favor of Insure Right, as there was no unreasonable delay on Insure Right's part which had a significant impact on the litigation. The Court entered its Memorandum Decision and Order on September 29, 2025 (Dkt. 23) and the Judgment on the same day (Dkt. 24). Insure Right timely filed its Motion for Fees and Costs (Dkt. 25) on October 13, 2025. The Court then entered its Memorandum Decision and Order regarding the Motion for Fees and Costs on June 22, 2026 (Dkt. 28) (the "Fees Decision"). Within 21 days, Insure Right filed this instant motion seeking relief and seeking an award of the remaining fees and costs.

Finally, with respect to the third *Pioneer* factor, the reason for the delay, strongly favors granting Insure Right's Motion for Relief under Rule 60(b)(1). The undersigned acted promptly after receiving the Fees Decision. Immediately after receiving the Fees Decision, Trout & Jones, PLLC undertook a review of the filed Declaration of Kim J. Trout. It was discovered that due to a clerical mistake, the only time entries attached were those of Alyssa R. Jones. The reason for this became quite clear after review, in preparing the Motion for Fees and Costs (Dkt. 25) and related attachments, the time entries were downloaded in an Excel file and parsed by billing party, to summarize the total time billed by each individual. When the Declaration of Kim J. Trout was finalized, the filter on the Excel file was

**Motion for Relief from Judgment | Page 3**

never "turned off" so as to show <u>all</u> time entries.  The following image is taken directly from the spreadsheet, showing the filter selected.



This mistake resulted in only the billing log of Alyssa R. Jones being included, and not the billing logs for the other individuals.  Exhibit 1 to the Declaration of Kim J. Trout, filed concurrently herewith, includes <u>all</u> time entries for this matter.

This is very similar to recent cases in front of the United State Court of Federal Claims.  In *Yalacki v. Sec'y of Health & Hum. Servs.,* No. 14-278V, 2021 WL 2070629, the Petitioner moved for attorney's fees and costs, which were awarded on August 12, 2020.  After the award, nearly two months later, Petitioner filed a Rule 60(b) motion seeking additional costs which were "inadvertently overlooked and left out of petitioner's fees application."  *Id.* The Respondent objected to the request arguing the petitioner did not specify which part of Rule 60(b) applied and "failed to provide a legal justification as to why a final judgment should be reopened."  *Id.*  The court, in analyzing the Rules of the Court of Federal Claims Rule 60(b), which is nearly identical to Rule 60 of the Federal Rules of Civil Procedure, found Rule 60(b) is to be "liberally construed for the purpose of doing substantial justice" and "relief should not be granted if substantial rights of the party have not been harmed by

**Motion for Relief from Judgment | Page 4**

the judgment." *Id.* (Internal citations omitted). The court also found that it "may weigh equitable considerations in the exercise of its discretion." *Id.*

The Court went on to analyze, under Rule 60(b)(1) what "mistake" is, which is "an error, misconception, or misunderstanding" citing Black's Law Dictionary. *Id.* The mistake may also be on the part of a party, counsel, or the court. In *Yalacki*, the petitioner sought post-judgment relief pursuant to Rule 60(b)(1) based on mistake or inadvertence, on the basis that the costs of flights were overlooked, and that the cost is one that would have been awarded "had it been submitted with petitioner's initial request for fees and costs." *Id.* The Court found several special masters have granted motions for relief under Rule 60(b) when full invoices were inadvertently omitted from fee applications. The Court then went on to award a portion of the costs sought, after applying the required adjustment.

Defendant's counsel and his staff made a simple mistake in filtering the Excel file. The fees per time biller were originally included in Defendant's original motion, however the billing log was inadvertently left off. This is the very definition of excusable neglect. In *Wologo v. Transamerica Life Insurance Company*, wherein Judge Mark W. Bennett drew the similarity of forgetting to attach a file to an email as nearly identical to forgetting to attach the invoices to the initial request. No. C 17-136-MWB, 2018 WL 1632243 (N.D. Iowa Apr. 4, 2018).

With the attached billing entries, Defendant has shown the description of the activities, and for which amounts of time were billed each day. Examining all four *Pioneer* factors together, Insure Right respectfully requests that it be granted relief under Rule 60(b)(1). Insure Right's attorney made good faith efforts to promptly comply in good faith with the local rules and did not willfully ignore the local rules.

**<u>CONCLUSION</u>**

For the reasons stated above and in the accompanying Declaration, the undersigned requests that the Court set aside that portion of its June 22, 2026, Memorandum Decision and Order (Dkt. 28) and award Insure Right reasonable attorney's fees based on the billing logs attached to the declaration of Kim J. Trout.

DATED July 9, 2026.

TROUT LAW, PLLC

_/s/ Alyssa R. Jones_
Alyssa R. Jones
Attorney for Insure Right Insurance Agency, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 9, 2026, a true and correct copy of the above and foregoing document was forwarded addressed as follows in the manner stated below:

Patrick J. Davis
        pdavis@beardstclair.com

_/s/ Alyssa R. Jones_
Alyssa R. Jones
Attorney for Insure Right Insurance Agency, LLC