UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RILEY YATES, an individual,<br><br>               Plaintiff,<br>v.<br><br>INSURE RIGHT INSURANCE AGENCY, LLC, a Utah limited liability company,<br><br>               Defendant. | Case No. 4:24-cv-00095-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Insure Right Insurance Agency, LLC's ("Insure Right") Motion for Relief from Judgment. Dkt. 30.

Upon review, and for the reasons explained below, the Court GRANTS Insure Right's Motion for Relief from Judgment.[1]

## II. BACKGROUND

The Court previously outlined the background of this case in detail and limits its discussion here to facts relevant for this particular Motion. *See* Dkt. 23, at 2–4; *see also*

---

[1] The Court finds the facts and legal arguments are adequately presented and will decide the Motion on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(e)(1)(B). Yates did not respond to the Motion and the time to do so has passed.

MEMORANDUM DECISION AND ORDER - 1

Dkt. 28, at 1–3.

In the Court's most recent Memorandum Decision and Order (Dkt. 28), it performed the Lodestar analysis to determine the appropriate amount of fees, leading to granting in part and denying in part Insure Right's Motion for Attorney Fees. This was because, while Insure Right's requested fee rates and hours expended were reasonable under the Lodestar method, it only submitted adequate documentation to support an award for one of the attorneys, Alyssa Jones.[2] Dkt. 28, at 9.

Following the Court's Order, Insure Right filed the instant Motion, asserting it failed to include billing logs for the other attorneys and paralegals due to mistake or excusable neglect, providing the previously neglected billing logs for the other attorneys and paralegals, and requesting the Court set aside the portion of its Order which denied fees for the other attorneys and paralegals. Dkt. 30, at 4.

The Court will address this issue now.

### III. LEGAL STANDARD

Rule 60(b)(1) allows courts to "relieve a party or its legal representative from a final judgment" if the judgment resulted from "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Whether to grant or deny a motion under [Rule 60(b)(1)] is within the district court's discretion." *Hilliard v. Twin Falls Cnty. Sheriff's Off.*, 2024 WL 265310 (D. Idaho Jan. 24, 2024), *aff'd*, 2025 WL 914748 (9th Cir. Mar. 26, 2025). There

---

[2] Included in the fee request were amounts designated for Kim Trout, Steven Schossberger, and Alyssa Jones (all attorneys who worked on the case), an amount for Kevin Kluckhohn (a paralegal), and an amount for Teressa Zywicki (a legal research consultant the Court will treat as a paralegal for the purpose of the fee award).

can be no per se rule as to what does or does not constitute excusable neglect, and district courts must "determine the issue . . . within the context of the particular case." *Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004).

In the Ninth Circuit, Rule 60(b)(1) Motions are analyzed under the *Pioneer* test, which evaluates: "(1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the moving party's conduct was in good faith." 389 F.3d at 855 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993)).

## IV. DISCUSSION

First, as Insure Right notes, there is little risk of prejudice to Yates if the Court grants Insure Right's requested relief. This case has already been decided against Yates, and as a result, the Court has already determined Insure Right is entitled to at least some fees as the prevailing party. Denying Insure Right's Motion would not afford Yates any more opportunity to change the substantive outcome of the case. Further, granting the Motion would not cause any tangible harm to Yates' legal rights. Accordingly, the Court finds the first *Pioneer* factor weighs in Insure Right's favor.

Second, any delay caused by Insure Right's failure to include the necessary billing logs to support its Motion for Attorney Fees had little to no impact on the litigation. As already stated, the case had already been decided at the time Insure Right made its error. Additionally, upon learning of the error, and less than three weeks after the Court issued its previous Order, Insure Right filed the instant Motion to correct its mistake. Rule 60(b)(1)

MEMORANDUM DECISION AND ORDER - 3

motions need only be made within a year after the entry of judgment, *see* Fed. R. Civ. P. 60(c)(1), and Insure Right clearly met that low standard here by acting as quickly as practicable to fix its error. As such, the Court finds the second *Pioneer* factor weighs in Insure Right's favor.

Third, the reason for the delay in this case is innocent in nature. Insure Right provides ample caselaw in support of its contention that inadvertent omissions like the one in this case are usually considered "excusable neglect." The Court has no difficulty agreeing with this. While the Court would prefer this sort of mistake be avoided in the future, it finds Rule 60(b)(1) allows it to provide relief for exactly this type of mistake. Accordingly, the Court finds the third *Pioneer* factor weighs in Insure Right's favor.

Regarding the fourth and final factor, the Court has no reason to believe Insure Right acted in bad faith by not submitting the necessary billing logs. Indeed, Insure Right has at every step of the way made good faith efforts to comply with deadlines and file appropriate motions along with supporting documentation. Even with respect to the Motion for Attorney Fees, Insure Right's inclusion of a total tally of hours worked by all attorneys and paralegals indicates that it intended to submit itemized billing logs for each individual person. It seems obvious that the omission of logs for all but Ms. Jones was inadvertent. Further, rather than waiting, Insure Right acted promptly to correct the error by filing the instant Motion and attached Declaration as soon as it became aware of the error, even though Rule 60(c) technically allows up to a year for such Motions to be brought.

The Court will remind Insure Right that this mistake was avoidable. But for Insure Right's error, the Court previously would have ordered a fee award of the entire sum Insure

MEMORANDUM DECISION AND ORDER - 4

Right requested; however, the clerical error has caused more work, both for Insure Right's counsel *and* for the Court. That said, even the weakest of excuses can still be considered excusable neglect as long as there is no evidence of bad faith. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (holding that even "negligence and carelessness" may be excusable neglect if they occurred without bad faith). Accordingly, the Court finds the fourth *Pioneer* factor weighs in favor of Insure Right.

## V. CONCLUSION

Insure Right's counsel failed to supply adequate documentation to support the Motion for Attorney Fees. The Court is not *required* to reconsider or set aside its judgment due to such a failure, but it may do so in the interest of justice pursuant to Rule 60. Here, Insure Right has shown, through its analysis of the *Pioneer* test, that its mistake resulted from excusable neglect, which is grounds for relief from the Court's prior judgment. Accordingly, the Court GRANTS Insure Right's Motion for Relief from Judgment. Because the additional billing logs adequately support the requested fee award under the Lodestar method—as analyzed in the Court's previous Memorandum Decision and Order (Dkt. 28)—the fee award shall be adjusted to reflect the requested award.

///

///

///

///

///

///

MEMORANDUM DECISION AND ORDER - 5

## VI. ORDER

The Court **HEREBY ORDERS**:

1.  Insure Right's Motion for Relief from Judgment (Dkt. 30) is GRANTED.

2.  The Court awards Insure Right's attorney's fees in the amount of $37,325.50 and costs in the amount of $550.94.

3.  Yates will have thirty days from the filing of this Order to comply.

DATED: August 3, 2026

David C. Nye
U.S. District Court Judge